UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| LANGUAGE CONNECT INTERNATIONAL, LTD. § § § § *Plaintiff,* § § v. § § IVERSE MEDIA, § § *Defendants.* § | Civil Action No. 15-cv-00236-XR |

## ORDER

On this day, the Court considered Plaintiff's Motion to Compel (Dkt. No. 29), Defendant's Response, and Plaintiff's Reply. Although the motion originally raised three issues, on March 11, 2016, the parties filed a Joint Advisory (Dkt. No. 32) essentially stating that only the arbitration issue remains live, which includes Request Nos. 17, 19–20, and 31. For the following reasons, the Court GRANTS IN PART and DISMISSES AS MOOT IN PART Plaintiff's Motion to Compel.

## BACKGROUND

Plaintiff Language Connect International, Ltd. ("Language Connect") filed this action against iVerse Media, LLC ("iVerse"), alleging breach of contract and other theories of recovery. In 2012, iVerse entered into a contract with Marvel Worldwide, Inc. ("Marvel") pursuant to which iVerse would hold a license to distribute translations of Marvel comic books internationally in various languages. (Dkt. No. 30, at 1). iVerse contracted with Language Connect to make the translations. *Id.* On October 28, 2014, Marvel filed a Demand for Arbitration with JAMS against iVerse for failing to pay Marvel under the license agreement. *Id.* at 2. iVerse stated that Marvel complained about the quality of the translations. *Id.* at 1–2. On

March 27, 2015, Language Connect sued iVerse for outstanding invoices owed for translation work. *Id.* at 2. iVerse counterclaimed, asserting that the Language Connect translations were poor quality and the invoices were inaccurate. iVerse further asserted that Language Connect's actions were the proximate cause of any damages to Marvel in the event such damages are found. Language Connect filed this motion to compel production of documents related to iVerse's arbitration with Marvel to determine whether iVerse is taking contrary positions in this litigation and in the arbitration. (Dkt. No. 29, at 2). In Request Nos. 17, 19–20 and 31, Language Connect requests all documents filed or served by any party in the arbitration, including but not limited to pleadings, discovery, and motions (17), all witness statements or testimony given in the arbitration that concern Language Connect or that concern the quality of the translations (19-20), and documents that support iVerse's allegation that "Marvel has asserted in the [Arbitration] that [you have] breached [your] contract with Marvel and that Marvel is owed damages" (31). (Dkt. No. 29, at 7, 9). iVerse objected to these requests as overly broad, unduly burdensome, exhibiting time and scope limitations, and subject to confidentiality concerns. *Id.* iVerse argues the arbitration documents are private, not subject to disclosure without Marvel's permission, and not necessary to the present litigation. (Dkt. No. 30, at 4).

## DISCUSSION

Where jurisdiction is based upon diversity of citizenship, as in this case, the Court must follow *Erie* and apply state substantive law while adhering to federal procedure. *Kona Tech. Corp. v. S. Pac. Transp. Co.*, 225 F.3d 595, 602 (5th Cir. 1986). Also, Federal Rule of Evidence 501 mandates that state privilege laws govern when a district court sits in diversity. FED. R. EVID. 501; *see Miller v. Transam. Press, Inc.*, 621 F.2d 721, 724 (5th Cir.), *opinion*

*supplemented on denial of reh'g*, 628 F.2d 932 (5th Cir. 1980) (interpreting the application of state privilege laws in a diversity case).

Texas Civil Practice and Remedies Code § 154.073 governs the confidentiality of certain records and communications made during alternative dispute resolution. TEX. CIV. PRAC. & REM. CODE § 154.073. Section 154.073(a) states, "[A] communication relating to the subject matter of any civil or criminal dispute made by a participant in an alternative dispute resolution . . . is confidential, is not subject to disclosure, and may not be used as evidence against the participant in any judicial or administrative proceeding." Additionally, participants or arbitrators may not be required to testify or be subject to process requiring the disclosure of information related to or arising out of a matter in dispute. *Id.* § 154.073(b). Arbitration falls within the category of alternative dispute resolutions described in Chapter 154 of the civil practice and remedies code. *See Abbott v. GameTech Int'l, Inc.*, No. 03-06-00257-CV, 2009 WL 1708815, at *4 (Tex. App.—Austin, June 17, 2009, pet. denied) (mem. op.) ("The following alternative dispute resolution procedures are described in chapter 154: mediation, mini-trial, moderated settlement conference, summary jury trial, and arbitration." (citing TEX. CIV. PRAC. & REM. CODE § 154.023–.027)). There are exceptions to the general rule of confidentiality for all oral and written communications related to arbitration proceedings. *See, e.g.*, § 154.073 (c)–(f).

Section 154.073(e) states, "If this section conflicts with other legal requirements for disclosure of communications, records, or materials, the issue of confidentiality may be presented to the court . . . to determine, in camera, whether the facts, circumstances, and context of the communications or materials sought . . . are subject to disclosure." *Id.* § 154.073(e). A request for production is a legal requirement that entitles a party to serve a request on another party for documents "relevant to any party's claim or defense and proportional to the needs of

3

the case." FED. R. CIV. P. 26(b)(1); *id.* 34(a). Language Connect requests documents from the iVerse and Marvel arbitration to establish whether iVerse took a contrary position as to the quality of Language Connect's translations than it takes in the present action. This request is relevant to the claims and issues in this case, and thus the court will order production for in camera review pursuant to § 154.073(e). However, the Court agrees with iVerse's objections that the requests are overbroad. Therefore, iVerse shall produce to the Court for inspection all arbitration pleadings and documents that refer to the quality of Language Connect's translations.

## CONCLUSION

For the foregoing reasons, Plaintiff Language Connect's Motion to Compel is GRANTED IN PART and DISMISSED AS MOOT IN PART. iVerse shall make the required production to the Court no later than **April 29, 2016**. All other issues raised in this motion to compel are DISMISSED AS MOOT without prejudice.

SIGNED this 14th day of April, 2016.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE